# EXHIBIT A

 CT Corporation

**Service of Process Transmittal**
08/10/2010
CT Log Number 517087357

**TO:**     Susan Kernen
            FedEx Ground Package System, Inc.
            1000 FedEx Drive
            Moon Township, PA 15108

**RE:**     **Process Served in Massachusetts**

**FOR:**    FedEx Ground Package System, Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Steven Hayes and Chris Johnson, etc., Pltfs. vs. Fedex Ground Package System, Inc. and Fedex Ground Package System, Inc., etc., Dfts. *Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Summons, Proof of Service Form, Complaint |
| **COURT/AGENCY:** | Suffolk Superior Court, Suffolk County, MA Case # 10-3088 |
| **NATURE OF ACTION:** | Employee Litigation - Action for misclassification of drivers as independent contractors rather than as employees in violation of Massachusetts Independent Contractor Statute |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Boston, MA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 08/10/2010 at 14:15 |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after service, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | Shannon Liss-Riordan Lichten & Liss-Riordan, P.C. 100 Cambridge St. 20th Floor Boston, MA 02114 617-994-5800 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day , 790722084276 Image SOP Email Notification, Susan Kernen isopcomplaints@fedex.com |
| **SIGNED:** **PER:** **ADDRESS:** **TELEPHONE:** | C T Corporation System Dahrlena Mitchell 155 Federal Street Suite 700 Boston, MA 02110 617-757-6404 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

# Commonwealth of Massachusetts

SUFFOLK, ss.



SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. 10-3088

Steven Hayes and Chris Johnson, on behalf
_____ , Plaintiff(s)
of themselves and all others similarly situated

v.

FedEx Ground Package System, Inc. and FedEx , Defendant(s)
Ground Package System, Inc., d/b/a FedEx Home Delivery

## SUMMONS

FedEx Ground Package System, Inc.
c/o Registered Agent, C T Corporation System
155 Federal Street, Ste 700, Boston, Massachusetts 02110

To the above-named Defendant:

You are hereby summoned and required to serve upon Shannon Liss-Riordan, Esq.
Lichten & Liss-Riordan, P.C.

plaintiff's attorney, whose address is 100 Cambridge Street, 20th FL, Boston, MA 02114 an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse, Esquire, at Boston, the ____fifth____ day of
____August____ , in the year of our Lord two thousand ____ten____ .

A true copy Attest: _John Michael Joseph Donovan_

8/10/2010

Deputy Sheriff Suffolk County

Clerk/Magistrate

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.

2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED

(1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV.P. 1 3rd Rev. 10M - 8/09

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on _____, 20. ___, I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5):

_____

_____

_____

Dated:_____, 20 ___.                    _____

**N.B.   TO PROCESS SERVER: –**
**PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN**
**THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.**

```
┌────────────────────────────────────────┐
│                                         │
│                              , 20    .  │
│                                         │
└────────────────────────────────────────┘
```

**Commonwealth of Massachusetts**

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION 10-3088
No. _____

Steven Hayes and Chris Johnson, on behalf of themselves and all others similarly situated, Plff(s).

v.

FedEx Ground Package System, Inc., and FedEx Ground Package System, Inc. d/b/a/ FedEx Home Delivery, Deft(s).

SUMMONS
(Mass. R. Civ. P. 4)

(AFFIX FILING STAMP HERE)

## COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                                SUPERIOR COURT DEPARTMENT
                                            Civil Action No.

                                            10 3088 E

| | |
|---|---|
| STEVEN HAYES and CHRIS JOHNSON, )<br>individually and on behalf of all others )<br>similarly situated, )<br>   Plaintiffs )<br>   )<br>v. )<br>   )<br>FEDEX GROUND PACKAGE SYSTEM, INC., )<br>and FEDEX GROUND PACKAGE SYSTEM, · )<br>INC. d/b/a FEDEX HOME DELIVERY )<br>   Defendants )<br>   ) | JURY DEMANDED<br><br>RECEIVED<br>AUG 0 4 2010<br>SUPERIOR COURT · CIVIL<br>MICHAEL JOSEPH DONOVAN<br>CLERK / MAGISTRATE |

## CLASS ACTION COMPLAINT

### I.     INTRODUCTION

1.     This is an action brought by current delivery drivers of FedEx Ground Package

System, Inc. and its division, FedEx Home Delivery (collectively "Defendant" or "FedEx") for

Defendant's unlawful retaliation against these drivers in violation of M.G.L. c. 149, § 148A.

Delivery drivers working for FedEx have been engaged in litigation against FedEx related to its

misclassification of drivers as independent contractors rather than as employees in violation of

the Massachusetts Independent Contractor Statute, M.G.L. c. 149, § 148B.  While this litigation

has been ongoing for a number of years, recent activity has made clear that these drivers will

soon be found to be employees of FedEx under Massachusetts law.  Such activity includes

citations issued by the Massachusetts Attorney General's Office finding that FedEx has

misclassified its delivery drivers as independent contractors (and FedEx's recent settlement of

these citations with the Attorney General's Office for $3 million) and a recent finding by a

federal court that FedEx drivers working in Illinois, a state with an employee status test that is

1

almost identical to the test used in Massachusetts, are employees (In re Fedex Ground Package

System, Inc. Employment Practices Litigation, 2010 WL 2243246 (N.D.Ind. May 28, 2010).

    2.    In response to the extended litigation against FedEx by, and on behalf of, its

delivery drivers and the impending finding of liability expected to be entered against it for

violation of the Massachusetts wage laws, FedEx has recently announced that it is ending its

current business model in Massachusetts and thereby terminating all of its single route drivers as

of October 2010. This dramatic change will put FedEx delivery drivers throughout

Massachusetts out of work.[1] This change would not have occurred but for FedEx having been

challenged legally for misclassifying its delivery drivers as independent contractors. This

change therefore constitutes unlawful retaliation, in violation of M.G.L. c. 149, § 148A.

## II.    PARTIES

    3.    Plaintiff Steven Hayes is an adult resident of Natick, Massachusetts. Plaintiff

Hayes has worked as a FedEx Home Delivery driver since approximately June of 2004.

    4.    Plaintiff Chris Johnson is an adult resident of Framingham, Massachusetts.

Plaintiff Johnson has worked as a FedEx Home Delivery driver since December 2005.

    5.    The above-named Plaintiffs bring this action on their own behalf and on behalf of

a group of all others similarly situated. That group includes all individuals who are currently

working as drivers within the state of Massachusetts for FedEx Ground Package System, Inc.

and/or its division, FedEx Home Delivery, as pickup and delivery drivers and who will be

harmed by FedEx's implementation of its "ISP Transition." The Class meets all of the

requirements of Rule 23 of the Massachusetts Rules of Civil Procedure.

---

[1]    Some drivers may be permitted to continue working for FedEx at reduced pay, or by investing more money, and thereby will also be harmed by FedEx's conversion. FedEx is requiring drivers who choose to continue working for it to sign a release, absolving FedEx of liability for this conversion which will have a detrimental effect on them. This release is not valid under Massachusetts law.

6.      Defendant FedEx Ground Package System, Inc., together with its division, FedEx

Ground Package System, Inc. d/b/a FedEx Home Delivery, is a Delaware corporation with its

principal place of business in Pittsburgh, Pennsylvania. At all times relevant, FedEx Ground, an

affiliate of FedEx Corporation, engaged in transportation and delivery services in Massachusetts.

## STATEMENT OF FACTS

7.      FedEx Ground, as an affiliate of FedEx Corporation, employs hundreds of drivers

in Massachusetts to pick up and deliver packages to customers of Defendant.

8.      FedEx's principal business is the delivering of packages to individuals and

businesses.

9.      Drivers have been required to sign an "operating agreement," which contains

various statements purporting to classify drivers as independent contractors. Though the

Agreement labels the drivers as independent contractors, the behavioral and financial control

manifested over the drivers by Defendant demonstrates that the drivers are employees rather than

independent contractors. Such control includes, but is not limited to, the following matters:

a. Defendant employs supervisors and managers who have supervisory responsibility over the drivers and assign and direct their work. These supervisors and managers work in the terminals where the drivers report to retrieve the packages that they deliver for Defendant's customers in furtherance of Defendant's business operations.

b. The drivers are required to comply with Defendant's instructions in terms of written and unwritten policies, procedures, and directives appearing in the Agreement and unilaterally promulgated by Defendant from time to time regarding the completion of the drivers' duties. Drivers suffer financial penalties and/or disciplinary actions for failure to comply with such policies, procedures, and directives.

c. Upon starting to work for Defendant, the drivers receive training in Defendant's policies and procedures, in the documentation Defendant requires of drivers, and in the technology Defendant mandates the drivers to use in the performance of their work for Defendant.

d. Though the drivers are required to purchase or lease the vehicles they use in working for Defendant and to purchase the uniforms they wear in performing said work,

3

Defendant requires that the drivers adorn their vehicles and uniforms with Defendant's logo and effectively prohibit the drivers from using their vehicles or uniforms for other business while so adorned. Such requirement prevents the drivers from using their vehicles and uniforms to offer services to the general public.

e.  In addition to paying the drivers for each package picked up and/or delivered, the Agreement provides that Defendant will pay the drivers a set amount for each day that the driver provides services to Defendant as well as a premium for the drivers' time when the drivers' route contains a small amount of package deliveries. Such payments are made to the drivers each week. Thus, their pay basis is not simply by the job, but by the time spent working.

f.  Though the Agreement purports to give the drivers proprietary control over their routes, Defendant changes the drivers' routes from time to time without the drivers' permission and prohibit the drivers from selling their routes or having other individuals perform in their place without the express prior approval of Defendant.

g.  Defendant exerts a high degree of control over the drivers' work. For example, they have begun installing GPS systems in the drivers' vehicles enabling Defendant to track the drivers' whereabouts at all times while working.

10.  The services performed by drivers (package delivery) are within the usual course of business of FedEx.

11.  FedEx provides to drivers all of the package delivery jobs that they perform.

12.  Drivers are not allowed to perform other delivery work while there are FedEx materials in their truck or while the FedEx logo, which is placed on all of the drivers' trucks, is visible.

13.  While these drivers are legally employees, FedEx has treated them as independent contractors in violation of M.G.L. c. 149, §148B.

14.  Drivers in Massachusetts have been pursuing claims against FedEx for violation of M.G.L. c. 149, §148B since at least May of 2005 when Sheehan, et al. v. FedEx Ground Package System, Inc., Civil Action No. 3:05-cv-00531-RLM-CAN (MA) was filed in the name of all FedEx drivers in Massachusetts. This case was combined with over thirty other cases brought against FedEx in a multi-district litigation proceeding in federal court in the Northern

4

District of Indiana. The plaintiff drivers in <u>Sheehan</u> moved for summary judgment in on liability under M.G.L. c. 149, §148B and a declaration that FedEx's drivers and employees and not independent contractors in May of 2008 and a ruling on this motion to should be issued soon.

15.     On May 28, 2010, the court in the FedEx multi-district litigation issued an order granting the motion for summary judgment filed by FedEx drivers in Illinois on the issue of employee status. The Illinois drivers' statutory claim and the legal arguments made regarding FedEx's liability are virtually identical to the claims and legal arguments pursued by the Massachusetts drivers in <u>Sheehan</u>.

16.     FedEx drivers in Massachusetts have also pursued a number of other cases against FedEx in recent years, all of which are based, at least partially, on the claim that FedEx drivers are employees and not independent contractors. These cases include: <u>Perry et al v. FedEx Ground Package System, Inc.</u>, Civil Action No. 3:05-cv-00796-RLM-CAN (MA); <u>El-Dagany et al v. FedEx Ground Package System, Inc. et al.</u>, Superior Court Civil Action No. 07-2492 (Middlesex Sup. Ct.); <u>Moynagh v. FedEx Ground Package System, Inc. et al.</u>, Superior Court Civil Action No. 09-560-C (Worcester Sup. Ct.); <u>Urbanks, et al. v. FedEx Home Delivery</u>, Civil Action No. 08-00575 (D. Mass.); and <u>Furtado v. FedEx Ground Package System, Inc., et al.</u> Superior Court Civil Action No. 2010-00376-B (Plymouth Sup. Ct.).

17.     In 2007, the Massachusetts Attorney General's Office cited FedEx Ground for violation of the Massachusetts Independent Contractor Law, by misclassifying its drivers as independent contractors when they are in fact employees.

18.     On July 15, 2010, the Attorney General's Office announced that it had reached a settlement with FedEx regarding this citation and announced that FedEx had agreed to pay $3 million to the state and 13 drivers named in the Attorney General's citation.

19.     On July 15, 2010, the same day the settlement with the Massachusetts Attorney General's Office was announced, FedEx held mandatory meetings for all of its drivers in Massachusetts. During these meetings, drivers were shown a video related to what FedEx called its "ISP Transition." At the beginning of the video, a FedEx representative states that the "ISP Transition" is being made as a result of challenges to FedEx's independent contractor model in the state of Massachusetts.

20.     During this meeting, FedEx drivers in Massachusetts were also provided with a large document entitled "Massachusetts ISP Transition Guide" which contains "Sample Legal Documents" which explains in often dense, difficult to follow language, FedEx drivers' options during the "ISP Transition."

21.     The "Massachusetts ISP Transition Guide" explains that drivers have three options going forward. One option is to "Pursue an ISP Agreement." In order to do so, a driver must (1) incorporate their business and be in good standing with the state; (2) purchase a minimum of three work areas in the same geographic area; (3) make a proposal to FedEx regarding the viability of the ISP created by the purchasing of these multiple work areas; and (4) negotiate with FedEx regarding the obligations under the new ISP. These negotiations are begun only if FedEx decides to advance to negotiations with drivers seeking to create an ISP.

22.     While FedEx has stated that it will offer incentive payments to those individuals who attempt to pursue an ISP agreement, the size of these payments are contingent on various requirements, such as waiving all legal claims related to the ISP transition and purchasing trucks for each of the work areas purchased. These incentive payments will not cover the costs of starting an ISP. Accordingly, any driver who desires to attempt to pursue an ISP agreement will

have to expend significant amounts of money. Many drivers who attempt to pursue an ISP agreement will be required to take out loans in order to purchase trucks and work areas.

23.     A driver attempting to pursue an ISP agreement must purchase the necessary work areas by October 8, 2010, without any guarantee that FedEx will agree to negotiate with that driver or that FedEx will allow the driver to form an ISP. As with all other FedEx drivers in Massachusetts, a driver attempting to pursue an ISP agreement will not have a job or a guaranteed contract past October 8, 2010. Thus, drivers attempting to pursue an ISP agreement will essentially be former FedEx drivers who are required to make large expenditures in an attempt to keep their job but with no guarantee that they will even be able to work with or for FedEx in the future.

24.     Drivers who do not want to pursue an ISP agreement may, according to FedEx, seek employment with an ISP. This second "option" essentially results in the termination of a drivers' employment with FedEx. A driver who seeks a job working for an ISP is in no different position than an unemployed individual who has never worked for FedEx and also seeks to work for an ISP.

25.     The third "option" drivers have been given is to cease working for FedEx. While FedEx has, for many years, generally renewed the Operating Agreement for each driver, FedEx recently announced that all of the most recent driver contracts will be not be renewed when they expire.

26.     Given that there are only so many FedEx routes in Massachusetts which may be used to form ISPs and that starting an ISP will cost a FedEx driver considerable amounts of money (for which drivers do not even know how much they would be paid as an ISP), FedEx's

"transition" to an ISP model will result in the loss of employment for many, if not most, Massachusetts FedEx drivers.

27.     FedEx knows, or should know, that this "transition" to an ISP model will result in the loss of employment for many, if not most, Massachusetts FedEx drivers and in considerable expense to any driver who attempts to pursue an ISP agreement.

28.     FedEx has initiated the "transition" to an ISP model in response to the legal actions taken against it by and on behalf of drivers in the Commonwealth of Massachusetts related to FedEx's misclassification of drivers as independent contractors and not employees.

29.     FedEx's "transition" to this ISP model will not absolve it of liability to its delivery drivers for violation of the Massachusetts Independent Contractor Law.  Thus, this "transition" is not the proper, or a necessary response to the legal challenges that have been brought against FedEx.  Rather, because FedEx's delivery drivers are its employees under Massachusetts law, FedEx should recognize them as such, and pay them accordingly, pursuant to the Massachusetts wage laws.  FedEx's decision instead to "transition" to this ISP model, to the detriment of its delivery drivers throughout the Commonwealth, is simply a further attempt by the company to evade its legal obligations to these drivers under the Massachusetts wage laws.  By transitioning to a "business model" that will cause harm to its drivers throughout the Commonwealth, and put many if not most of them out of work, FedEx has simply retaliated against the drivers for having their rights pressed under the Independent Contractor Law.

### COUNT I
### MASSACHUSETTS GENERAL LAW CHAPTER 149 § 148A

Defendant's conduct, as set forth above, in taking actions against FedEx drivers in Massachusetts which will result in great personal expense and the loss of employment, violates Mass. Gen. L. c. 149 § 148A.  This claim is brought pursuant to Mass. Gen. L. c. 149 § 150.

8

## COUNT II
### INJUNCTIVE RELIEF

As Defendants actions as described above violate Mass. Gen. L. c. 149 § 148A and will cause irreparable harm to Plaintiffs and others similarly situated, the Plaintiffs seek permanent injunctive relief enjoining Defendant proceeding with the ISP transition described above.

### JURY DEMAND

Plaintiffs request a trial by jury on their claims.

WHEREFORE, Plaintiffs request that this Court enter the following relief:

1.    Certification of this case as a Massachusetts Class action pursuant to Mass. R. Civ. P. 23;

2.    An immediate injunction ordering Defendant to cease implementation of the ISP transition;

3.    All damages to which Plaintiffs and Class Members may be entitled;

4.    Any other relief to which Plaintiffs and Class Members may be entitled.

Respectfully Submitted,

Dated: August 4, 2010

Shannon Liss-Riordan, BBO #640716
Harold L. Lichten, BBO #549689
Ian Russell, BBO # 673387
LICHTEN & LISS-RIORDAN, P.C.
100 Cambridge St., 20th Floor
Boston, MA 02114
(617) 994-5800

9